The opinion of a majority of the Court was drawn up by
Tenney, C. J.
The plaintiff seeks to obtain a judgment against the defendant, as the former sheriff of the county of Penobscot, for the default of Daniel Jacobs, his deputy, for not delivering, on a demand made by a person legally authorized to receive them, certain logs attached on the *430 plaintiff’s writ, by said deputy, and returned thereon by him, against William‘L. Lambert and Stephen L. Cowan, on which he claimed to have a lien for services, in driving the same from Eagle lake, so that they could be seized and sold by the officer, who had the execution recovered in the action in which the attachment was made.
Many objections are made by the defendant to the maintenance of this suit, which appertain to the proceedings in the original action against Lambert and Oowan, while it was pending in this Court; one of which is a denial of any valid judgment against the logs in question, on the ground that the record furnishes no evidence that the owners of the logs were notified of the pendency of the' suit in which the logs were claimed by virtue of a lien, excepting by the appearance of an attorney for certain persons, represented by him, as claiming to be owners. If the attempt to remove this objection by the plaintiff’s counsel by argument were successful, another matter disclosed -in the case deserves consideration.
The case finds that the alleged debtors of the plaintiff in the suit did not own the logs in question. And a very material point involved in the case, is, whether the record shows a valid judgment in rem against the logs, so that the defendant’s deputy, Jacobs, was legally bound to deliver them on the demand made within thirty days after judgment, by the officer who had the execution. In ordinary actions of assumpsit against a party, to obtain a judgment, in personam, the plaintiff alleges in his writ, in legal form, certain facts touching the contract and its non-performance, &c., by the defendant. A default of the defendant is an admission of the defendant that the facts alleged are true, and that thereon the law awards judgment in that suit. 3 Black. Com., 396. If the plaintiff, in addition to the judgment in personam, seeks a judgment in rem by virtue of a lien, under the statute, which is invoked in this case, on account of having performed labor upon the property, on which the lien is claimed, it can be done only by an attachment which *431 he causes to be made of the property upon which his services were rendered, and upon a writ which he sues out for the double purpose of obtaining a judgment against his alleged debtors, and against the property itself. And the settled construction of the statute, as declared in the case of Bicknell v. Trickey, 34 Maine, 273, is,- — "No other property is liable, except that upon which the lien attaches.”— " The identity of the claim and the property must co-exist, and must be traceable till the fruits of the judgment have been obtained by a satisfaction of the execution. The identity of the property must be established, else the lien cannot attach; the labor must be shown to have been done upon the specific property raised, for provision is made for nothing else.”
What then must be established as the basis of a judgment in rem, in such cases ? It cannot bo doubted that it must be made to appear in some mode that the labor has been performed by the plaintiff in the case, under a contract, express or implied, with the other contracting party, the debtor, and whatever ir ay be necessary to entitle him to a judgment in permnam; and that this labor has been done upon the property directed to be attached, and which has been attached on his writ, and a return thereof made upon the same by the‘officer, who had it for service. Whatever is alleged in the writ, which is material and properly stated, by the alleged debtor’s default, he having had legal notice of the suit, is admitted to be true. But no presumption arises from the default, whether the defendant has appeared or not, that he admits the existence of other facts, not in any manner stated in the writ. And, from the provisions of the statute which we are considering, it is manifest, under the construction already referred to, that a judgment in rem cannot be rendered against the property, without proof of other facts, which, from the nature of the case, cannot be alleged in the writ. The attachment of the propei'ty is necessarily subsequent to the purchase of the writ. Whether the property attached and returned is identical with that, in *432 all respects, on which the labor was performed, as the basis of the lien, although it may have marks in common with that which is not attached, the officer’s return has no tendency to establish. The identity must be proved aliunde. Hence this latter proof cannot be supplied by a default of any one, who can be treated as a party, at any stage of the proceedings.
In the writ in favor of the plaintiff against Lambert and Cowan, the party with whom he contracted to drive certain logs, there is the direction to attach the property of the latter, and also ten lots of logs, described by their several marks, lying in the Allegash and Penobscot rivers, to the value of one hundred and eighty dollars, &c. After the usual part of the writ* follows, — "to answer unto James Thompson in a plea of the case, for that the plaintiff heretofore, to wit, during the summer and spring of the year 1854, at the request of said defendants, labored in said State of Maine, at driving on the Allegash and Penobscot rivers, and their tributaries, towards the Penobscot boom, certain logs and lumber, of the. following marks, to wit,” [marks similar to those on the logs which the officer was directed to attach,] "and the sum and balance actually due, and unpaid of the amount stipulated, by the defendant to be paid to the plaintiff, for his personal service thereon was and is the sum of eighty dollars and thirty-nine cents, as specified.in the annexed account, and, in consideration of the premises, said defendants, at said Bangor, on the day of the purchase .of this writ, promised the plaintiff to pay him said last named sum on demand; and the plaintiff claims a lien upon said logs and lumber, under the laws of this State, for said sum, so due, and brings this suit, to enforce, and secure the same.”
The record, after reciting the allegations in the writ, and that, at the term of the Court when the writ was returned and action entered, notice was ordered, &o., and that an appearance was entered at a subsequent term by an attorney of the Court, for certain persons named, it proceeds,— *433 "Now the plaintiff appears, but the defendants, although called to come into Court, &c., do not appear, but make default. It is therefore considered by the Court, that the said James Thompson recover against the said William L. Lambert and Stephen L. Cowan, and against said logs, the sum of eighty-eight dollars and seventy cents, debt or damage, and costs of suit, taxed at twenty-nine dollars and ninety cents'.”
The defendant insists, that the call of the "defendants” and their non-appearance thereon, can apply only to the debtors — and can have no reference to the logs or their owners. It is true that the term "defendants,” as used in the writ, in other parts thereof, is manifestly restricted in meaning to those against whom the, plaintiff brought his suit, as on a promise — and whether it can with propriety have a more enlarged signification, when it is used in the record, to show a default, may not be clear. But whether this would be a fatal objection, if everything else required was correct, we do not decide.
Assuming that the logs and their owners are embraced in the term,"defendants,” and that the default applies to them as well as to the alleged debtors, does the record show a valid judgment in rent, against the logs ? After the record of the default of the "defendants,” it proceeds immediately, "therefore,” it is considered by the Court, &c. The definition of the word "therefore” in such connection, in Worcester’s Dictionary is, "for this reason;” "consequently;” and in Webster’s Dictionary, "for that; for that or this reason, referring to something previously stated.”
The record taken in its broadest sense, from all the allegations in the writ copied therein, is only a sentence against logs described as having certain marks upon them, with no statement of or reference to any fact or evidence, touching the logs. No presumption of any proof can legally arise, that the logs attached and returned were identical with those, on which the plaintiff’s labor was alleged in the writ, to have been done, without something in the record to show *434 it. If such presumption could ever arise, it is repelled in this case, by the affirmation, that the facts stated in the record included those alleged in the writ, and the default of the defendants are alone the basis of the judgment."
The default, if applicable to the log owners, may be considered as their admission, that a lien was claimed upon the logs, described in the writ, and that labor was performed upon certain logs, having such marks. But the record is silent in every respect, touching the logs, returned as attached by the officer who served the writ. . The latter, are those only, upon which the judgment could by possibility operate, according to the law and the facts of the case; they alone were in the custody of the law; they must have been proved to be identical with those on which the labor was performed, so far as the former extends. But this identity is not shown by the record to have been established or decreed by the Court; and the default cannot by possibility be construed into an admission on the part of the log owners, beyond the allegation in the writ, which is simply that the plaintiff claimed a lien upon logs, having certain marks. It could be no more than a claim before the attachment. The logs, which should be attached afterwards, might be different from those on which plaintiff’s labor was alleged to have been expended. The establishment of a lien, upon the logs attached,- could not be implied, or inferred from the record, when the property on which it could be secured by the attachment made, is not referred to therein.
A judgment is defined by Blackstone to be a sentence of the law, pronounced by the Court upon matters contained in the record, and, though pronounced or awarded by the Court, it is not the determination or sentence of the judges, but the determination and sentence of the laws. It is the conclusion that naturally and regularly follows from the premises of law and fact. 3 Cow., 395 and 396. If anything be entered in a judgment which is not mentioned in the plaintiff’s declaration, the judgment is not good. 2 Litt., 104. And when it appears upon the record that the *435 plaintiff hath no cause of action, he shall never have judgment. 8 Kep., 120.
It is regarded as essential that the record should set out at length the cause of action as contained in the writ, the verdict of the jury, if the facts were disputed in an issue to the country, or a default of the defendant to authorize a judgment thereon. Were it otherwise, the judgment in one action would' be no bar to another which was really for the same cause.
In courts of general jurisdiction, certain presumptions touching jurisdiction and proceedings may be made, so that the judgment is treated as valid, till reversed for error. But it does not follow from this, that there may not be records, even of the highest courts, so grossly erroneous, that they are not treated as having any validity, although purporting to be judgments of the Court. When there is a sentence of a Court of the most enlarged jurisdiction in an action, where the writ is found to contain no declaration to show the nature of the claim, and consequently, there can be no record to supply this defect, it would not be said that a judgment pronounced for the plaintiff in such a case, was valid till reversed. It would have none of the elements of a judgment in judicial proceedings.
In a suit like that presented in the proceeding in favor of the plaintiff, against his alleged debtors, to obtain satisfaction of his debt in a personal action, by means of property in which the debtor had no interest, through a judgment in personam against the debtor and in rem against the property, it is essential to the validity of the latter judgment, that the record should exhibit all which is essential as a foundation for the sentence of the law pronounced.
After the default of the defendants in the action in favor of the plaintiff, in which the lien was claimed, as in ordinary cases, it was supposed by the counsel for him that nothing further was required to perfect his judgment in all respects, and that, on being recorded according to the proceedings in Court, it Avould be sufficient. But, as we have *436 seen, the admission by thé default was but a small portion of the facts necessary to a judgment in rem. If this admission could apply to the log owners, or their property, these owners might, or might not have had the right to be heard further; of this we are not called upon for an opinion. But, without a hearing and adjudication thereon, no judgment in rem could have been rendered. The record exhibiting nothing of this kind, affords no basis for the sentence against the logs, and the sentence itself is invalid.
According to the agreement of the parties, the default is to be taken off and the action to stand for trial.
Appleton, Mat, Davis and Kent, JJ., concurred.

Note. — See statute passed since this ease was determined, ch. 131 of the Acts of 1862. — Reporter.